UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JOHN MIDLAM,

             Plaintiff,

   v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

             Defendant.

Case No. C17-5650 JCC

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff, Michael John Midlam, seeks review of the denial of his October 25, 2013, application for Supplemental Insurance Security Income. Dkt. 1. Plaintiff contends the ALJ harmfully erred by failing to account for all limitations assessed by Thomas Clifford, Ph.D., Andrew Forsyth, Ph.D., Wendy Hartinger, Psy.D., and Wendi Wachsmuth, Ph.D., and by failing to provide clear and convincing reasons to reject plaintiff's testimony. Dkt. 7 at 1-2. As relief, plaintiff contends the Court should reverse the ALJ's decision and remand the case for calculation of an award of benefits. *Id.*

The Commissioner disagrees, arguing the ALJ properly weighed the medical evidence and provided valid reasons to discount plaintiff's testimony. Dkt. 11. As discussed below, the Court finds the ALJ harmfully erred and **REVERSES** the Commissioner's final decision. The Court finds there are outstanding issues to resolve and accordingly **REMANDS** the matter for

further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## THE ALJ'S DECISION

Using the five-step disability evaluation process set forth in 20 C.F.R. § 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since October 25, 2013.

**Step two:** Affective disorder, and human immunodeficiency virus (HIV) are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment. *See* 20 C.F.R. Part 404, Subpart P. Appendix 1.

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels with the following non-exertional limitations: he can only occasionally climb ladders, ropes, scaffolds and have occasional exposure to hazards such as unprotected heights and moving mechanical parts. He is capable of simple, routine and repetitive tasks with simple work-related decisions. He is limited to only occasional interaction with supervisors and coworkers and no interaction with the public.

**Step four:** Plaintiff can perform past relevant work as a laborer/assembler-production line.

**Step five:** Alternatively, plaintiff can perform other jobs that exist in significant numbers in the national economy and is therefore not disabled.

Tr. 23-37. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied plaintiff's request for review. Tr. 1. The rest of the procedural history is not essential in determining the outcome of the case and is thus not recounted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. *Schneider v. Comm'r of SSA*, 223 F.3d 968, 973 (9th Cir. 2000).

**A.      The ALJ's Evaluation of the Medical Evidence**

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

Plaintiff challenges the ALJ's evaluation of the opinions of Thomas Clifford, Ph.D., Andrew Forsyth, Ph.D., Wendy Hartinger, Psy.D., and Wendi Wachsmuth, Ph.D. The ALJ must give clear and convincing reasons to reject uncontradicted medical opinions and specific and legitimate reasons to reject contradicted medical opinions. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

### *1.  Drs. Clifford and Forsyth*

The ALJ noted that agency reviewing doctors Thomas Clifford, Ph.D., and Andrew Forsyth, Ph.D., opined plaintiff "would do best if not working in close proximity to others," and "can do jobs requiring no more than superficial interaction with others." Tr. 32. The ALJ gave "great weight" to these opinions on the grounds they are consistent with the record, and stated the opinions "support[] the residual functional capacity assessment set forth in this decision." *Id.* Plaintiff contends the ALJ erred because the RFC determination fails to account for the limitations the doctors assessed. The Court agrees.

The ALJ determined plaintiff has the RFC to perform jobs with occasional interaction with supervisors and coworkers and no interaction with the public. This RFC does not account for the limitations assessed by Drs. Clifford and Forsyth. Occasional contact measures the frequency with which one comes into contact with another. It does not measure depth of contact, meaning whether the contact is superficial or not. Further, occasional contact does not measure proximity, meaning how close or far apart one performs work in relation to others. For instance, a job might require a worker to work in very close proximity to other workers even though it does not contemplate more than occasional co-worker interaction.

The Commissioner argues the RFC determination here includes no contact with the public and that this limitation accounts for all of the limitations the doctors assessed. But the fact

that one's work involves no contact with the public does not shield one from working in close proximity to the public. In short, the ALJ erred in that the limitations regarding proximity and depth of contact are not accounted for in the RFC determination.

The Court notes and rejects the Commissioner's arguments that the ALJ's RFC determination reflects how the ALJ "synthesized" the opinions of three agency reviewing doctors: Drs. Clifford and Forsyth, and Jan Lewis, Ph.D. Dkt. 11 at 3. The ALJ's decision does not contain such an analysis and the Commissioner's contention is thus an improper post hoc argument upon which the Court cannot rely. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). In any event, the decision does not show that this is what the ALJ did.

Rather, the decision reveals the ALJ rejected Dr. Lewis' opinion that plaintiff has no social limitations on the grounds it "underestimates the impact of claimant's mental impairments on his social interaction, and is not consistent with the record as a whole." Tr. 32. Given this rejection there was nothing for the ALJ to synthesize. Instead of synthesizing, the ALJ adopted the limitations found by Drs. Clifford and Forsyth but, as discussed above, erred in failing to account for them in the RFC determination.

Similarly the Court rejects the Commissioner's argument that the doctors did not set forth a functional limitation because they found plaintiff would do best if not working in close proximity to others. Dkt. 11 at 3. According to the Commissioner this is a recommendation, not a functional limitation. *Id.* This is not just a *post hoc* explanation of the ALJ's determination but one that is contrary to what the ALJ found. The ALJ did not find the proximity limitation was merely a recommendation that need not be accounted for. If the ALJ had, she would have said

so and rejected the limitation. Instead the ALJ, without qualification, gave Drs. Clifford's and Forsyth's opinions great weight and tied their opinions, albeit erroneously, to the RFC determination.

In sum, the ALJ erred in failing to account for limitations assessed by the doctors. The error is not harmless because in assessing a claimant's residual functional capacity, the ALJ must consider the limitations and restrictions caused by the claimant's medically determinable impairments, including any related symptoms. SSR 96-8p; 20 C.F.R. § 404.1545(a)(2). As this did not occur, the matter must be remanded for further administrative proceedings.

### *2.     Dr. Hartinger*

In July 2015, Dr. Hartinger completed a psychological evaluation. Tr. 679-83. Dr. Hartinger opined plaintiff had numerous limitations that were moderate or marked. Tr. 681. The ALJ accepted the moderate limitations but rejected the marked functional limitations assessed by Dr. Hartinger on the grounds that "[t]hese ratings overstate claimant's limitations in a manner that is not consistent with his record of only conservative treatment, and are not consistent with the overall record (e.g. regular psychiatric screenings within normal)." Tr. 35. The Court concludes that inconsistency with the medical record is a specific and legitimate reason, supported by substantial evidence in the record, to discount Dr. Hartinger's opined marked limitations. Inclusion of other, erroneous reasons was harmless error.

Plaintiff argues that the ALJ's reasoning is conclusory. Dkt. 7 at 6. But looking at the ALJ's decision as a whole, the ALJ makes clear that the overall record supports moderate, not marked or severe, limitations. The ALJ discusses several examining and nonexamining medical source opinions and concludes that "mild to moderate limitations, and the capacity to perform unskilled work ... is generally consistent with the record as a whole." Tr. 33. Plaintiff does not

challenge the ALJ's assessment of this evidence. The ALJ's finding that mental status screenings did not reflect "debilitating" limitations was also supported by substantial evidence. Tr. 29. Psychiatric screenings showed multiple mild deficits, but nothing more severe than that. Tr. 384-85 (mild deficits in immediate memory, fund of knowledge, attention/concentration, abstract abilities, judgment and insight). The mental status exam Dr. Hartinger performed also showed generally mild results. Tr. 682-83 (dysthymic mood, impairments in memory, abstract thinking, insight and judgment). "An ALJ may reject an examining physician's opinion if it is contradicted by clinical evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199 (9th Cir. 2008). Inconsistency with the medical record was thus a legally sufficient reason for the ALJ to discount Dr. Hartinger's more severe limitations.

The prior treatment plaintiff received is not a specific and legitimate reason to discount Dr. Hartinger's opinions, however, because plaintiff appears to have no money and no medical insurance, limiting his access to treatment and medications. Tr. 395, 690 (plaintiff is "unemployed, lacks adequate social support, [has] inadequate access to health care, inadequate finances, legal involvement"). The ALJ did not discuss whether any of these factors, which clearly relate to plaintiff's treatment history, rationally explain the paucity of treatment. This is thus not a case in which plaintiff had the resources to avail himself of treatment but did not. The ALJ accordingly erred in relying on the limited treatment plaintiff received as a basis to reject Dr. Hartinger's opinions.

However, the error is harmless, because inconsistency with the medical record was a specific and legitimate reason, supported by substantial evidence, to discount Dr. Hartinger's opinions. The Court concludes the ALJ did not err.

### *3. Dr. Wachsmuth*

In September 2013, Dr. Wachsmuth completed a psychological examination and opined plaintiff had functional limitations ranging from moderate to severe. Tr. 691. The ALJ accepted the moderate limitations but rejected the marked and severe limitations in Dr. Wachsmuth's opinions on the grounds that she provided "minimal objective evidence to support the degree of severity and the ratings appear to rely largely on claimant's self-report." Tr. 34. The ALJ also discounted the more severe limitations as not consistent with the record as a whole. *Id.*

Generally if a medical source's opinions are based "to a large extent" on a claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible, the ALJ may discount the source's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Ryan*, 528 F.3d at 1199–1200 (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)).

Here, Dr. Wachsmuth did question the sincerity of plaintiff's complaints, finding that plaintiff "either could or would not attempt to answer [mental status examination] questions" and she was "uncertain if this was attributable to symptoms or attitude." Tr. 692. And the ALJ permissibly discounted plaintiff's credibility, as discussed below. Tr. 28, 30. It is true that psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). But because plaintiff's credibility was permissibly discounted and Dr. Wachsmuth herself

questioned the credibility of plaintiff's responses to mental status examination questions, the ALJ did not err in discounting the opinions that relied on those responses.

Additionally, the ALJ's discounting of Dr. Wachsmuth's more severe limitations as inconsistent with the record as a whole is also supported by substantial evidence. Tr. 34. As discussed above, the ALJ's finding that the record as a whole supports no more than moderate limitations is supported by substantial evidence.

The Court notes the ALJ also rejected the doctor's opinions for the same erroneous reason she rejected Dr. Hartinger's opinions: that the opinions are inconsistent with a record of conservative treatment. Tr. 34. In addition, the ALJ erred in rejecting Dr. Wachsmuth's opinions on the grounds that they conflicted with plaintiff's range of activities. Tr. 34. The ALJ does not explain how activities such as doing simple household chores, for example, are inconsistent with limitations on activities such as completing a normal work day and work week. Tr. 30, 691. The errors are harmless, however, because the ALJ provided at least one specific and legitimate reason, supported by substantial evidence, to discount the opinions.

The Court concludes the ALJ did not err in rejecting the marked and severe limitations in Dr. Wachsmuth's opinions.

**B.      The ALJ's Evaluation of Plaintiff's Testimony**

Plaintiff contends the ALJ erred in rejecting his testimony. In evaluating the effect of pain and other subjective symptoms on a claimant's residual functional capacity, an ALJ must first determine whether the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms. *See* 20 C.F.R. § 404.1529. If so, the ALJ must next evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity for work. *See id.*

If there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of the symptoms only by making specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The ALJ may consider "ordinary techniques of credibility evaluation" including the claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Id.* at 1284.

Malingering alone is a legally sufficient reason to discount testimony. The "clear and convincing … standard does not apply … when there is affirmative evidence that the claimant is malingering." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *see also Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040–41 (9th Cir. 2003) (ALJ may reject claimant's testimony "upon (1) finding evidence of malingering, *or* (2) expressing clear and convincing reasons" (emphasis added)). Plaintiff does not dispute that several providers diagnosed malingering. Tr. 302 ("gross exaggeration"), 305 ("Malingering"), 482 ("Malingering"; "fabricated" effort). This affirmative evidence was legally sufficient, and the ALJ did not err in discounting plaintiff's testimony due to malingering. *See* Tr. 31.

In addition, the ALJ gave at least one clear and convincing reason supported by substantial evidence to discount plaintiff's testimony. The ALJ found plaintiff's testimony at the hearing the ALJ conducted stood in "marked contrast" to statements plaintiff made earlier about his functioning. Tr. 30. The ALJ noted plaintiff testified he spent most of his time in bed, constantly needs someone at his side to assist him, and does no household chores, no cooking, no shopping, no reading, and no socializing. Tr. 30-31. The ALJ found this testimony was markedly different from earlier statements plaintiff made in which he indicated he attends to his

own self-care, makes his own meals, does chores, goes the store and runs errands, uses the computers, plays video games, and golfs, though not regularly. Tr. 31. The ALJ also noted the medical record did not document a sharp decline in plaintiff's condition between the time he made his earlier statements and the time he testified before the ALJ. As such the ALJ concluded that the restriction in his activities was voluntary and not due to his impairments. *Id.*

Plaintiff does not directly challenge the ALJ's rationale, *see* Dkt. 7 at 12-14, and thus fails to meet his burden to establish the ALJ harmfully erred. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (burden of showing an error is harmful normally falls upon the party attacking the agency's determination). Even if the Court looks past this failure and assesses the ALJ's rationale, the Court cannot say the ALJ's determination is unreasonable. The record shows plaintiff made markedly different statements about his activity level. As the ALJ may consider inconsistencies in a claimant's testimony is assessing what weight it should be given, the ALJ's reason is clear, convincing, and supported by substantial evidence. While plaintiff argues that his activities do not show an ability to maintain competitive work activity, the argument is unavailing. "Plaintiff overlooks the distinction between citing daily activities as evidence of work capabilities, and citing daily activities as inconsistent with other testimony." *Hunt v. Colvin*, 954 F.Supp.2d 1181, 1194 (W.D. Wash. 2013) (citing *Molina*, 674 F.3d at 1112-13. Inconsistency with prior statements is a valid reason to discount plaintiff's testimony.

The ALJ gave other reasons to reject plaintiff's testimony which the Court need not discuss. Even if the Court were to assume the ALJ erred in relying on the other reasons, the error would be harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other

reasons that are supported by substantial evidence). In sum, the Court affirms the ALJ's assessment of plaintiff's testimony.

C. **Scope of Remand**

Plaintiff contends the Court should remand the case for calculation of an award of benefits. Only in rare circumstances should the Court remand a case for benefits. *See Treichler v. Colvin,* 775 F3d 1090, 1099 (9th Cir. 2014). Where the record is fully developed and additional proceedings would serve no useful purpose; the ALJ failed to provide legally sufficient reasons for rejecting evidence; and if the improperly discredited evidence were credited as true, the claimant would be disabled, the Court abuses its discretion by remanding for further proceedings where the record provides no reason to believe the claimant is not in fact disabled. *See Garrison v. Colvin,* 759 F3d 995, 1020, 1023 (9th Cir. 2014).

Here the further administrative proceedings would not only be useful but are necessary. If the RFC determination is altered in light of the full limitations assessed by Drs. Clifford and Forsyth, it still must be determined whether there are any jobs plaintiff can perform. That is a determination that requires additional input from a vocational expert. Accordingly, because plaintiff's entitlement to benefits is not clear, and the record must be developed further, the Court remands the case for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Drs. Clifford and Forsyth, reformulate plaintiff's RFC as needed and proceed to steps four and five as appropriate.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

1 DATED this 12th day of June, 2018.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 12